
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHANE RUSSELL SAVAGE,<br><br>Defendant. | Cause No. CR 04-128-BLG-SPW<br>CV 16-083-BLG-SPW<br><br><br>ORDER |

This matter is before the Court on Defendant/Movant Savage's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.

Two motions to dismiss are pending. One was filed by the United States. The second was filed two weeks later by Defendant Savage.

The United States has filed more than one answer (Docs. 78, 86). Although it filed a motion to dismiss, in substance, it seeks a ruling on the merits. *See* U.S. Mot. to Dismiss (Doc. 92) at 2. Savage asks the Court to dismiss his motion "with prejudice" as he "no longer seeks relief through 28 U.S.C. § 2255." Def. Mot. to Dismiss (Doc. 94) at 1.

Once an answer has been filed, an action may be dismissed without a decision on the merits only if one of two conditions is met. First, all parties who have appeared may stipulate to dismissal. Fed. R. Civ. P. 41(a)(1)(A)(ii). The

1

United States has not agreed to a stipulated dismissal.

Alternatively, the Court may dismiss the action "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Under the civil rules, dismissing the action with prejudice would certainly preclude Savage from raising the same claims again. It is not clear that a dismissal with prejudice would preclude him from proceeding with another § 2255 motion raising a different claim in the future, based on newly discovered evidence or new law.

Although the Rules of Civil Procedure apply, this action is not an ordinary civil action. The rules apply to the extent they are not inconsistent with 28 U.S.C. § 2255 and its accompanying rules. *See Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). To allow a § 2255 movant to withdraw his motion when it appears the law does not support his argument would frustrate Congress' intent in imposing restrictions on second or successive motions. *See* 28 U.S.C. § 2255(h). This matter has been litigated for nearly three years. Dismissal under these circumstances would risk "impermissibly circumvent[ing] the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Gonzalez*, 545 U.S. at 532; *see also United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (per curiam).

For these reasons, dismissal with prejudice under Fed. R. Civ. P. 41(a)(2) is not appropriate. The United States is entitled to a decision on the merits of the §

2255 motion.

Savage's sole claim is that his career offender designation under U.S.S.G. § 4B1.1 and his base offense level under U.S.S.G. § 2K2.1(a) were unlawful in light of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), *Descamps*, and *Moncrieffe v. Holder*, __ U.S. __, 133 S. Ct. 1678 (2013). *See* Am. § 2255 Mot. (Doc. 83) at 2 ¶ 4.

A case applies retroactively to cases on collateral review only if the case announced a new rule. *Teague v. Lane*, 489 U.S. 288, 310 (1989). *Descamps* and *Moncrieffe* do not provide Savage any relief because neither announced a new rule. *Ezell v. United States*, 778 F.3d 762, 765-66 (9th Cir. 2015). Therefore, to the extent Savage asserts a claim based on *Descamps* and *Moncrieffe*, his § 2255 motion is untimely. *See* 28 U.S.C. § 2255(f)(1), (3); Am. § 2255 Mot. at 33-34; Answer (Doc. 78) at 13-15.

*Johnson* announced a new rule that is retroactive to cases on collateral review. *See Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016). But the Supreme Court has now held that provisions of the advisory sentencing guidelines are not subject to constitutional challenge on grounds of vagueness. *See Beckles v. United States*, __ U.S. __, 137 S. Ct. 886, 890 (2017). Savage was sentenced on July 7, 2005, after the guidelines became advisory. *See* Minutes (Doc. 28); *see also United States v. Booker*, 543 U.S. 220, 245 (U.S. Jan. 12, 2005). Therefore,

3

he is not entitled to relief under § 2255.

A certificate of appealability is not warranted. Savage has not made a substantial showing that he was deprived of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS HEREBY ORDERED:

1. Savage's motion to dismiss with prejudice (Doc. 94) is DENIED.

2. The United States' motion to dismiss (Doc. 92) is GRANTED.

3. Savage's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 83) is DENIED;

4. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Savage files a Notice of Appeal;

5. The clerk shall ensure that all pending motions in this case and in CV 14-83-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Savage.

DATED this 12th day of April, 2017.

Susan P. Watters
United States District Court